IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01276-BNB

JAMES TEMPLETON,

    Plaintiff,

v.

PETER ANDERSON, et al.,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, James Templeton, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Fremont Correctional Facility in Cañon City, Colorado. Mr. Templeton filed *pro se* a prisoner complaint pursuant to 42 U.S.C. § 1983. The relief sought is not clear. He has paid the $350.00 filing fee.

The Court must construe Mr. Templeton's filings liberally because he is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Templeton will be directed to file an amended complaint.

Rule 8.2 of the Local Rules of Practice for this Court requires that a *pro se* prisoner used the forms established by this Court to file an action. D.C.COLO.LCivR 10.1 requires that all papers filed in cases in this Court be not less than a 12-point font, double-spaced, and legible. *See* D.C.COLO.LCivR 10.1D., E., and G. The complaint

Mr. Templeton has filed is difficult to read because it is not on the Court-approved Prisoner Complaint form, is single-spaced, and is typewritten in approximately an 8-point font. The amended complaint Mr. Templeton will be directed to file shall be on the Court-approved Prisoner Complaint form, double-spaced, and typed or written legibly in at least a 12-point font. In addition, Rule 10(a) of the Federal Rules of Civil Procedure and D.C.COLO.LCivR 10.J. require that all parties be listed in the caption to the complaint, with one party per line. Mr. Templeton has failed to list all the defendants in the caption to his complaint. The amended complaint he will be directed to file must list all parties in the caption in the format required by D.C.COLO.LCivR 10.J.

Mr. Templeton asserts fifty-three claims, most of which he apparently could have consolidated into a few concise claims--e.g., that he has been exposed involuntarily to asbestos in violation of his constitutional rights and has not received proper medical treatment for the alleged exposure.

Mr. Templeton's complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.  In order for Mr. Templeton to state a claim in federal court, his "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).

Mr. Templeton fails to set forth a short and plain statement of his claims showing that he is entitled to relief.  The thirty-page complaint is verbose, repetitive, and vague.  Mr. Templeton fails to provide "a generalized statement of the facts from which the defendant may form a responsive pleading."  *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).  As a result, the Court finds that the complaint is unnecessarily wordy.  For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis."  *Id.*

Mr. Templeton will be directed to file an amended complaint that complies with the pleading requirements of Rule 8.  It is Mr. Templeton's responsibility to present his

claims in a manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims.

In the amended complaint he will be directed to file, Mr. Templeton must assert personal participation by each named defendant. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Templeton must name and show how the named defendants caused a deprivation of his federal rights. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). A supervisor is only liable for constitutional violations that he or she causes. *See Dodds v. Richardson*, 614 F.3d 1185, 1211 (10th Cir. 2010).

Mr. Templeton may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Templeton uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

Mr. Templeton, therefore, will be directed to file an amended complaint that complies with the Local Rules of Practice for this Court, is filed on the Court-approved Prisoner Complaint form, is legible to read, asserts his claims clearly and concisely, alleges what rights were violated, provides specific facts demonstrating how each

named defendant personally participated in the asserted constitutional violations, and includes a clear demand for the relief sought.

Accordingly, it is

ORDERED that Plaintiff, James Templeton, file **within thirty days from the date of this order** an amended complaint that complies with the directives of this order.  It is

FURTHER ORDERED that Mr. Templeton shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Templeton fails to file an amended complaint that complies with this order within the time allowed, the Court will dismiss the complaint and the action without further notice.  It is

FURTHER ORDERED that the "Pre-Filing Motion for an Order to Compel the Department of Corrections to Print Plaintiffs [sic] Entire 42 U.S.C. Section 1983 Complaint" (ECF No. 10) filed on May 21, 2012, is denied as moot.

DATED June 7, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
 United States Magistrate Judge