IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01276-BNB

JAMES TEMPLETON,

    Plaintiff,

v.

PETER ANDERSON, et al.,

    Defendants.

SECOND ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, James Templeton, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Fremont Correctional Facility in Cañon City, Colorado. Mr. Templeton filed *pro se* a prisoner complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 that only he signed. He has paid the $350.00 filing fee.

    On June 7, 2012, the Court entered an order (ECF No. 12) directing Mr. Templeton to file an amended prisoner complaint that complied with Local Rules of Practice 8.2 and 10.1 which require that he (1) use the forms established by this Court to file a civil rights action; (2) submit all papers in at least a 12-point font, double-spaced and legible; and (3) list all parties in the caption to the complaint. The June 7 order also directed Mr. Templeton to file an amended complaint that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

    On the same day, after the order for an amended complaint was docketed, Mr. Templeton filed an amended prisoner complaint (ECF No. 13) signed by Mr. Templeton

and seven other inmates at the Fremont Correctional Facility, a motion titled "Motion to Add Plaintiffs & Amend Signature Page" (ECF No. 14), and a declaration (ECF No. 15). The amended complaint filed on June 7 does not comply with the directives of the June 7 order for an amended complaint, other than to list all parties in the caption to the amended complaint, including a party that allegedly no longer is a DOC inmate. *See* ECF No. 13 at 35. In addition, although Mr. Templeton seeks to add additional plaintiffs, the claims he asserts appear only to relate to Mr. Templeton's involuntary exposure to asbestos and failure to receive proper medical treatment for the alleged exposure.

The amended complaint filed on June 7 (ECF No. 13) does not cure the deficiencies discussed in the June 7 order (ECF No. 12). Therefore, Mr. Templeton must file an amended complaint that complies with the directives of the June 7 order. Mr. Templeton and the other putative Plaintiffs must sign and submit the amended complaint as ordered. Mr. Templeton and each other putative Plaintiff must specify how his rights were violated by involuntary exposure to asbestos and failure to receive proper medical treatment for the alleged exposure. Mr. Templeton and the other putative Plaintiffs must do so in a short and concise paragraph for each of them, set out in the beginning of the complaint.

The amended complaint to be filed should not be divided, as the complaint and amended complaint are now, among fifty-plus claims making repetitive allegations against each individual Defendant. Such an organization makes the complaint unnecessarily verbose and violates the requirement of Federal Rule of Civil Procedure 8 that a complaint contain a short and plain statement of the claims showing that the

pleader is entitled to relief, as discussed in the June 7 order.  Rather, it appears the claims may be consolidated into two categories of (1) involuntary exposure to asbestos, and (2) failure to receive proper medical treatment for such exposure.  The amended complaint should be no longer than fifteen pages in a 12-point font, double-spaced.  No documents other than the amended complaint will be considered.  Mr. Templeton and the putative Plaintiffs should not assert additional claims in other additional filings.  The Court will not consider any claims raised in separate amendments, supplements, motions, or other documents that are not included in the amended complaint.

The Court will not further address the amended complaint (ECF No. 13) Mr. Templeton submitted on June 7 because it fails to cure the deficiencies discussed in the June 7 order for an amended complaint (ECF No. 12).  In addition, the motion to add plaintiffs will be denied as moot.  Mr. Templeton and the other putative Plaintiffs will be allowed thirty days from the date of this order to file an amended complaint that complies with the directives of the June 7 order and with this order.  Failure to do so in the time allowed will result in the dismissal of the instant action.

Accordingly, it is

ORDERED that Plaintiff, James Templeton, and any other putative Plaintiffs in this lawsuit file **within thirty days from the date of this order** an amended complaint that complies with the directives of the order of June 7, 2012 (ECF No. 12), and this order.  It is

FURTHER ORDERED that Mr. Templeton and the other putative as Plaintiffs shall obtain the Court-approved Prisoner Complaint form (with the assistance of his or

their case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that if Mr. Templeton and the other putative Plaintiffs fail to file an amended complaint that complies with this order and the June 7 order within the time allowed, the Court will dismiss the action without further notice.  It is

FURTHER ORDERED that the motion titled "Motion to Add Plaintiffs & Amend Signature Page" (ECF No. 14) filed on June 7, 2012, is denied as moot.  It is

FURTHER ORDERED that the clerk of the Court mail a copy of this order to Mr. Templeton only because he currently is the sole Plaintiff in this action.

DATED June 11, 2012, at Denver, Colorado.

                                    BY THE COURT:

                                    s/ Boyd N. Boland
                                    United States Magistrate Judge