IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-01276-RBJ-BNB

JAMES TEMPLETON,
FRANK POWELL,
DAVID ALLEN,
DAVID COWDEN,
SHANNON SMITH,
ROBERT GALLOB, and
ROBERT C. ROWE,

Plaintiffs,

v.

PETER ANDERSON,
BRIAN BRADEN,
JEFF SMITH,
JAMES CHANEY,
TIMOTHY CREANY,
JAN SYLVIA,
STEVEN GALLEGOS,
LANCE JOHNSON,
CARL WOJCIECHOWSKI,
CHERI DRENNON,
STEPHEN ENGLE, and
THOMAS MARTIN,

Defendants.
_____

**ORDER**
_____

This matter arises on the following, filed by the plaintiffs:

1. **Motion for Appointment of Counsel** [Doc. #26, filed 07/24/2012];

2. **Motion for Recusal of the Attorney General** [Doc. #36, filed 09/24/2012] (the

"Motion for Recusal");

  3. **Motion for Court Appointed Experts Under Colorado Court Rules, Rules of Evidence For the United States Courts; F.R.E. 702 and 706** [Doc. #37, filed 09/24/2012] (the "Motion for Experts");

  4. **Motion for Leave to Amend Complaint** [Doc. #49, filed 10/19/2012] (the "Motion to Amend");

  5. **Stay Pending the Disposition of: Plaintiffs Filed Motion for Appointment of Counsel and, Motion to Certify Plaintiffs Action as Class Action** [Doc. #50, filed 10/19/2012] (the "Motion to Stay");

  6. **Objection to: Defendants Anderson, Chaney, Engle and Smith's Answer to the Amended Complaint** [Doc. #61, filed 11/19/2012] (the "Objection to Defendants' Answer");

  7. **Motion for Default Judgment** [Doc. #62, filed 11/29/2012];

  8. **Motion for Consent of the Court to Proceed as Representative in Pretrial Conferences and Proceedings** [Doc. #63, filed 11/29/2012] (the "Motion to Proceed as Representative");

  9. **Motion to Bar Prisoners Litigation Reform Act (PLRA)** [Doc. #66, filed 12/07/2012] (the "Motion to Bar PLRA");

  10. **Writ of Habeas Corpus for Preliminary Hearing** [Doc. #67, filed 12/07/2012] (the "Motion for Writ of Habeas Corpus");

  11. **Subpoena Forms For Non-Incarcerated Witnesses** [Doc. #68, filed 12/07/2012] (the "Motion for Subpoena Forms");

  12. **Plaintiffs Do Not Consent to the Exercise of Jurisdiction By a United States Magistrate Judge** [Doc. #70, filed 12/10/2012] (the "Consent Notice"); and

13. **Notice of Change of Address** [Doc. #73, filed 02/04/2013].

The motions [Doc. ## 26, 36, 37, 49, 50, 62, 63, 66, 67, and 68] are DENIED. The Objection to Defendants' Answer [Doc. # 61]; the Consent Notice [Doc. # 70]; and the Notice of Change of Address [Doc. # 73] are STRICKEN.

The plaintiffs filed their Second Amended Prisoner Complaint on July 9, 2012 [Doc. #19] (the "Complaint"). At the time they filed the Complaint, the plaintiffs were incarcerated by the Colorado Department of Corrections ("DOC") at the Fremont Correctional Facility. They bring this action pursuant to 42 U.S.C. § 1983 for alleged constitutional violations arising from asbestos exposure.

### 1. Motion for Appointment of Counsel

The plaintiffs seek appointment of counsel to represent them in this matter pursuant to 28 U.S.C. § 1915(e)(1).[1] Plaintiffs Powell, Allen, Cowden, Smith, Gallob, and Rowe are proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915 in a prisoner's civil rights case.[2] Counsel cannot be appointed and paid pursuant to 28 U.S.C. § 1915(e)(1) for this type of case. I do, however, have broad discretion to direct the Clerk of the Court to attempt to obtain volunteer counsel for a plaintiff in a civil case. See DiCesare v. Stuart, 12 F.3d 973, 979 (10th Cir. 1993). In making this decision, I consider the following factors: (1) the merits of the litigant's claims, (2) the nature of the factual issues raised in the claims, (3) the litigant's ability to present his

---

[1] The plaintiffs also seek appointment of counsel pursuant to Rule 23(g). Rule 23(g) provides that class counsel must be appointed upon certification of a class. Separately, I have recommended denial of the motion for class certification.

[2] Plaintiff Templeton has paid the filing fee.

claims, and (4) the complexity of legal issues raised by the claims.  See Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995).

Here, the plaintiffs' Complaint adequately presents their claims.  The factual and legal issues raised by the plaintiffs' claims are not complex.  In addition, the allegations of the Complaint do not convince me that the plaintiffs' chances of succeeding on the merits are strong.  Consequently, the Motion for Appointment of Counsel is denied.

### 2.  Motion for Recusal

The plaintiffs seek recusal of the Attorney General because "[t]he Department of Environmental Protection Agency . . . is currently conducting a Criminal investigation in regard to the plaintiffs complaint" and "the Attorney General will ultimately have to prosecute the CDOC Defendants' they currently represent by presenting indictments to the Inspector General Office and prosecutorial departments for the purpose of Criminal Prosecution.  Unequivocally 'Conflict of Interest.'"  *Motion for Recusal*, pp. 2-3, ¶ 7, 10.  The plaintiffs do not provide any competent authority to support their request for recusal, and their contention that the defendants may be subjected to criminal charges is pure speculation.  The Motion for Recusal is denied.

### 3.  Motion for Experts

The plaintiffs request that the court "appoint" expert witnesses to "give expert testimony" at trial.  As a preliminary matter, page 5 of the Motion for Experts is a signature page from a different motion.  Therefore, the plaintiffs have not provided proper signatures on the Motion for Experts as required by Rule 11, Fed.R.Civ.P.

In addition, the Motion for Experts is premature.  The defendants have filed a Combined Motion to Dismiss and Partial Motion for Summary Judgment [Doc. #42].  A scheduling

conference will not be set until that motion is resolved. Therefore, discovery has not yet commenced and a trial date has not been set. The Motion for Experts is denied.

### 4. Motion to Amend

The plaintiffs seek leave to file a third amended complaint. They do not, however, attach the proposed amended complaint to their motion. Accordingly, the motion to amend is denied without prejudice.

Any future motions to amend must include the entire proposed third amended complaint. The plaintiffs may not incorporate by reference any of the previously filed complaints. The proposed third amended complaint must stand alone; it must contain <u>all</u> of the plaintiff's claims. <u>Mink v. Suthers</u>, 482 F.3d 1244, 1254 (10th Cir. 2007) (stating that "an amended complaint supercedes an original complaint and renders the original complaint without legal effect").

### 5. Motion to Stay

The plaintiffs request an order staying the case until their motions for class certification and appointment of counsel have been resolved. I have addressed the motion for appointment of counsel in this order and the motion for class certification in a separate recommendation. Accordingly, the plaintiffs' request for a stay is moot, and the Motion for Stay is denied.

### 6. Objection to Defendants' Answer

The plaintiffs filed their objection to the defendants' Answer on November 19, 2012. However, on October 31, 2012, I denied the plaintiffs' motion for an extension of time to respond to the Answer. In doing so, I stated:

> The plaintiffs also request an extension of time to file a response to the defendants' Answer. The Federal Rules of Civil Procedure provide that there shall be a complaint and answer. Fed. R. Civ. P. 7(a). Further pleadings are prohibited except that the court may

5

> order a reply to an answer. Id. The court has not ordered a reply,
> and my review of the pleadings shows that a reply is not necessary.
> Therefore, the plaintiffs' request for an extension of time to
> respond to the Answer is denied.

*Order* [Doc. #58], p. 2.

The plaintiffs filed an objection to the Answer notwithstanding my order. The Objection to Defendants' Answer is STRICKEN.

### 7. Motion for Default Judgment

This is the plaintiffs' second motion for default judgment against defendants Creany, Sylvia, Drennon, Gallegos, Braden, Wojciechowski, and Johnson for failure to answer or otherwise defendant in this case. The Motion is frivolous.

The plaintiffs filed their first motion for default judgment as to these defendants on October 29, 2012 [Doc. #55]. On October 29, 2012, the Clerk of the Court declined to enter default as to these defendants [Doc. #56] because (1) the plaintiffs did not submit an affidavit or declaration as required by Rule 55, Fed.R.Civ.P.; and (2) a motion to dismiss was filed by the defendants on October 1, 2012 [Doc. #42]. Without addressing the fact that the defendants have filed a motion to dismiss, the plaintiffs have filed another motion for default judgment.

The Federal Rules of Civil Procedure provide that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed.R.Civ.P. 55(a). A default judgment may be entered only if the defendant is in default. Fed.R.Civ.P. 55(b).

The defendants were served with process and a request to waive personal service on July 13, 2012 [Doc. #22]. They timely waived service under Rule 4(d), Fed.R.Civ.P., on July 24, 2012 [Doc. #24]. Under Rule 12(a)(1)(A)(ii), the defendants had 60 days after the request for

waiver was sent to serve a responsive pleading, or until September 11, 2012.  The defendants requested [Doc. #33] and received [Doc. #34] and extension of time until September 24, 2012, to answer or otherwise respond to the Complaint.  The defendants requested another extension of time until October 1, 2012 [Doc. #35], which was granted [Doc. #39].  On October 1, 2012, defendants Anderson, Chaney, Engle, Martin, and Smith filed an Answer [Doc. #41], and defendants Anderson, Braden, Chaney, Creany, Drennon, Engle, Gallegos, Johnson, Martin, Smith, Sylvia, and Wojciechowski filed a motion to dismiss [Doc. #42].

Therefore, defendants Creany, Sylvia, Drennon, Gallegos, Braden, Wojciechowski, and Johnson are not in default.  The plaintiffs' request for default judgment is unsupported by the facts and the law and is frivolous.  The Motion for Default Judgment is denied.

### 8.  Motion to Proceed as Representative

The relief sought in this motion is unclear.  The plaintiffs state that they "seek Court Order to simply direct parties to confer and work out a joint pretrial order and/or to prepare pretrial statements that contain the same necessary information but does not get combined into a single document."  *Motion to Proceed as Representative*, ¶ 7.  To the extent the plaintiffs are requesting any relief related to pretrial matters, the request is premature.  The request otherwise is incomprehensible.  The Federal Rules of Civil Procedure provide that a request for a court order must "state with particularity the grounds for seeking the order" and must "state the relief sought."  Fed. R. Civ. P. 7(b)(1)(B) and (C).

The Motion to Proceed as Representative is denied.

### 9. Motion to Bar PLRA

Citing <u>Norton v. The City of Marietta, OK</u>, 432 F.3d 1145, 1150 (10th Cir. 2005), the plaintiffs state that the Prison Litigation Reform Act ("PLRA") does not apply to parolees; plaintiff David Allen will be paroled from prison on November 29, 2012; because the PLRA does not apply to plaintiff Allen, it does not apply to any of the plaintiffs; and therefore, the plaintiffs' request for damages is not barred by the PLRA. However, <u>Norton</u> held that "it is the plaintiff's status at the time he files suit that determines whether [the PLRA] applies" to his claims. All of the plaintiffs, including Allen, were incarcerated by the DOC at the Fremont Correctional Facility at the time the Complaint was filed. Therefore, the PLRA applies to all of their claims.[3]

The Motion to Bar PLRA is frivolous and is denied.

### 10. Motion for Writ of Habeas Corpus

The plaintiffs request that the court "bring at least, Plaintiff James Templeton . . . before the court for a Pretrial Conference." A pretrial conference has not been set. The Motion for Writ of Habeas Corpus is denied as premature.

In addition, the Motion for Writ of Habeas Corpus is not signed by plaintiff Allen. All papers filed by the plaintiffs must be signed by all plaintiffs.

---

[3]Moreover, plaintiff Allen has not signed subsequent motions. Separately, I have ordered Mr. Allen to show cause why his claims should not be dismissed for failure to prosecute.

### 11.  Motion for Subpoena Forms

The plaintiffs request blank subpoena forms for 20 named "non-incarcerated witnesses" and 10 unknown Doe witnesses. There is no hearing pending at this time. Therefore, the request for subpoena forms is out of order and is denied.

Moreover, although most of the plaintiffs are proceeding *in forma pauperis*, they are not automatically entitled to the issuance of a subpoena. Burgess v. Andrews, 657 F.Supp. 1153, 1157 (W.D. N.C. 1987). The court will serve a subpoena on a plaintiff's proposed witness(es) if satisfied that the request is reasonable. Id. I will not send the plaintiffs subpoenas in blank.

If the plaintiffs have proper occasion to submit a new request for subpoenas, it must include (1) the name and address of the witness(es) they wish to subpoena, and (2) a detailed explanation of the purpose of the subpoena, including whether they are seeking to take testimony from the witness or whether they are seeking production of documents from the witness, or both. If the plaintiffs are seeking to take testimony from the witness, they must describe the subject matter they wish to cover and explain why the testimony sought is relevant or reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1). If the plaintiffs are seeking production of documents, they must describe the documents with specificity and explain why the documents sought are relevant or reasonably calculated to lead to the discovery of admissible evidence. Id.

Finally, the request is signed only by plaintiff Templeton. Under Rule 11, Fed.R.Civ.P., the plaintiffs' motions and papers must be signed by *all* plaintiffs.

### 12.  Consent Notice and Notice of Change of Address

Plaintiff Templeton has filed two notices on behalf of all plaintiffs [Docs. ##70 and 73]. However, Templeton is not an attorney, and he cannot act on behalf of the other plaintiffs. The notices are stricken.

### 13.  Abusive Litigation Conduct

This order makes clear that the plaintiffs have filed numerous premature, frivolous, redundant, and/or meritless motions.  In addition, I have separately recommended that the plaintiffs' Motion to Certify Plaintiffs Action as Class Action (Doc. #48) be denied because, although the plaintiffs identified the requirements they were required to prove, they did not provide any meaningful discussion of those requirements.

This case is in its preliminary stages.  However, the docket sheet contains 72 entries. Many of the entries are inappropriate filings by the plaintiffs.  As the Tenth Circuit Court of Appeals has made clear:

> [T]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious.  No one, rich or poor, is entitled to abuse the judicial system.

Tripati v. Beaman, 878 F.2d 351, 353 (10th Cir. 1989).

The plaintiffs' filings have placed an unnecessary burden on the court.  Instead of reaching the merits of the plaintiffs' case, I have contended with more than a dozen papers filed by the plaintiffs that were denied, stricken, or recommended for denial.  The plaintiffs must cease their inappropriate filings.  Failure to do so may result in sanctions, including dismissal of the Complaint.

IT IS ORDERED:

1. The Motion for Appointment of Counsel [Doc. #26] is DENIED;

2. The Motion for Recusal [Doc. #36] is DENIED;

3. The Motion for Experts [Doc. #37] is DENIED;

4. The Motion to Amend [Doc. #49] is DENIED WITHOUT PREJUDICE;

5. The Motion Stay [Doc. #50] is DENIED;

6. The Objection to Defendants' Answer [Doc. #61] is STRICKEN;

7. The Motion for Default Judgment [Doc. #62] is DENIED;

8. The Motion to Proceed as Representative [Doc. #63] is DENIED;

9. The Motion to Bar PLRA [Doc. #66] is DENIED;

10. The Motion for Writ of Habeas Corpus [Doc. #67] is DENIED;

11. The Motion for Subpoena Forms [Doc. #68] is DENIED;

12. The Consent Notice [Doc. #70] is STRICKEN;

13. The Notice of Change of Address [Doc. #73] is STRICKEN;

14. All future papers filed by the plaintiffs shall be signed by all plaintiffs; and

15. The plaintiffs must cease their inappropriate filings. Failure to comply with this order may result in sanctions, including dismissal of this case.

Dated February 12, 2013.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge