IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-01276-RBJ-BNB

JAMES TEMPLETON,
FRANK POWELL,
DAVID ALLEN,
DAVID COWDEN,
SHANNON SMITH,
ROBERT GALLOB, and
ROBERT C. ROWE,

Plaintiffs,

v.

PETER ANDERSON,
BRIAN BRADEN,
JEFF SMITH,
JAMES CHANEY,
TIMOTHY CREANY,
JAN SYLVIA,
STEVEN GALLEGOS,
LANCE JOHNSON,
CARL WOJCIECHOWSKI,
CHERI DRENNON,
STEPHEN ENGLE, and
THOMAS MARTIN,

Defendants.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter arises on the plaintiffs' **Motion to Certify Plaintiffs Action as Class Action** [Doc. #48, filed 10/19/2012] (the "Motion").  I respectfully RECOMMEND that the Motion be DENIED.

The plaintiffs filed their Second Amended Prisoner Complaint on July 9, 2012 [Doc. #19] (the "Complaint").  They bring this action pursuant to 42 U.S.C. § 1983 for alleged

constitutional violations arising from asbestos exposure. The plaintiffs seek to certify a class of "all present and future inmates as well as employees and/or volunteers who are similarly situated to the Plaintiffs."

A class action is a unique procedural device designed for the efficient administration of cases where factual and legal issues are common to a class. In re Intelcom Group Inc., Securities Litigation, 169 F.R.D. 142, 144 (D.Colo.1996). The party seeking class certification must demonstrate, under a strict burden of proof, that all of the requirements of Fed. R. Civ. P. 23(a) are met. Rex v. Owens, 585 F.2d 432, 435 (10th Cir. 1978). Those elements include: (1) a class so numerous that joinder is impractical; (2) common factual and legal questions; (3) representative claims that are typical of the claims of the class; and (4) a representative or representatives that will fairly and adequately protect the interests of the class. Id.; Fed.R.Civ.P. 23(a).

In addition, at least one element of Rule 23(b) must also be satisfied. Green v. Nuveen Advisory Corp., 186 F.R.D. 486, 493 (N.D.Ill.1999). Rule 23(b) provides:

> A class action may be maintained if Rule 23(a) is satisfied and if:
>
> (1) prosecuting separate actions by or against individual class members would create a risk of:
>
> > (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or
> >
> > (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;

> (2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or
>
> (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
>
>> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
>>
>> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
>>
>> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>>
>> (D) the likely difficulties in managing a class action.

Fed.R.Civ.P. 23(b).

When ruling on a motion for class certification, the inquiry is limited to whether the requirements of Rule 23 have been satisfied. In re Intelcom, 169 F.R.D. at 145.  The Motion does not provide any meaningful discussion of those requirements, however.

In addition, the plaintiffs are proceeding *pro se* and are not lawyers.  A non-lawyer may not act as counsel for others, including particularly as class counsel in a class action.  See D.C.COLO.LCivR 11.1A (providing that "[o]nly *pro se* individual parties and members of this court's bar may appear or sign pleadings, motions, or papers").

I respectfully RECOMMEND that the plaintiffs' Motion to Certify Plaintiffs Action as Class Action [Doc. #48] be DENIED.[1]

Dated February 12, 2013.

                                                                         BY THE COURT:

                                                                          s/ Boyd N. Boland
                                                                          United States Magistrate Judge

---

[1] Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).