IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-01276-RBJ-BNB

JAMES TEMPLETON,
FRANK POWELL,
DAVID ALLEN,
DAVID COWDEN,
SHANNON SMITH,
ROBERT GALLOB, and
ROBERT C. ROWE,

Plaintiffs,

v.

PETER ANDERSON,
BRIAN BRADEN,
JEFF SMITH,
JAMES CHANEY,
TIMOTHY CREANY,
JAN SYLVIA,
STEVEN GALLEGOS,
LANCE JOHNSON,
CARL WOJCIECHOWSKI,
CHERI DRENNON,
STEPHEN ENGLE, and
THOMAS MARTIN,

Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on Plaintiffs' **Motion for Preliminary Injunctions to Stop Exposure**

**of Asbestos Containing Material -Friable -** [Doc. #25, filed 07/24/2012] (the "Motion").  I

respectfully RECOMMEND that the Motion be DENIED.

## I.  STANDARD OF REVIEW

The plaintiffs are proceeding *pro se*, and I must liberally construe their pleadings.  Haines

v. Kerner, 404 U.S. 519, 520-21 (1972).  I cannot act as advocate for a *pro se* litigant, however,

who must comply with the fundamental requirements of the Federal Rules of Civil Procedure.

Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

Injunctive relief is a drastic remedy and is granted only in cases where the right to relief

is clearly established.  Goldammer v. Fay, 326 F.2d 268, 270 (10th Cir. 1964).  The burden is on

the movant to establish his right to the relief requested.  Penn v. San Juan Hospital, Inc., 528

F.2d 1181, 1185 (10th Cir. 1975).  To obtain a preliminary injunction under Rule 65(a), the

plaintiff must show that (1) he will suffer irreparable injury unless the injunction issues; (2) the

threatened injury to the moving party outweighs whatever damage the proposed injunction may

cause the opposing party; (3) the injunction, if issued, would not be adverse to the public

interest; and

(4) there is a substantial likelihood that the moving party will eventually prevail on the merits.

Lundgrin v. Claytor, 619 F.2d 61, 63 (10th Cir.1980).  The plaintiff's right to relief must be clear

and unequivocal.  Penn, 528 F.2d at 1185.

## II.  ANALYSIS

The plaintiffs filed their Second Amended Prisoner Complaint on July 9, 2012 [Doc. #19]

(the "Complaint").  At that time, the plaintiffs were incarcerated by the Colorado Department of

Corrections ("DOC") at the Fremont Correctional Facility ("FCF").  They bring this action

pursuant to 42 U.S.C. § 1983 for alleged constitutional violations arising from asbestos exposure

while they were working for the Special Projects Workshop at FCF.  The plaintiffs seek an order

directing the defendants to stop exposing them to asbestos and an order directing the defendants to provide "medical/mental health care now and in the future." *Motion*, p. 7.

### A.   Exposure to Asbestos

The plaintiffs seek an order directing the defendants to stop exposing them to asbestos. Id.  The defendants assert that this claim must be dismissed as moot because the plaintiffs are no longer working where they would potentially be exposed to asbestos.  Specifically, the defendants provide evidence to show that (1) plaintiff Templeton stopped working for the Special Projects Workshop on May 1, 2012; (2) plaintiff Cowden stopped working for the Special Projects Workshop on January 5, 2012; (3) plaintiff Gallob left the Special Projects Workshop on January 11, 2012; (4) plaintiff Powell stopped working for the Special Projects Workshop in September 2011; (5) plaintiffs Smith and Rowe were recruited from their positions in the Housekeeping Department to assist the Special Projects Workshop but left Housekeeping to become Porters on June 28, 2011, and December 2, 2011, respectively; and (6) although plaintiff Allen was still employed by the Special Projects Workshop, he has not worked on any projects that would potentially expose him to asbestos.[1] *Response to Plaintiffs' "Motion for Preliminary Injunction to Stop Exposure of Asbestos Containing Material - Friable -"* [Doc. #52] (the "Response"), Ex. A-1, ¶¶ 6-16; Ex. A-2.  The plaintiffs do not provide any evidence to show that they are still being exposed to asbestos.

Where "entry of injunctive relief in [the plaintiff's] favor would have no effect on the defendants' behavior," the plaintiff's requests for injunctive relief must be denied.  Green v.

---

[1]In addition, plaintiff David Allen has apparently been released from prison.  I have ordered Allen to show cause why his claims should not be dismissed for failure to prosecute.

Branson, 108 F.3d 1296, 1300 (10th Cir. 1997).  An order to cease exposing the plaintiffs to asbestos would have no affect on the defendants' behavior because the plaintiffs are no longer working where they are exposed to asbestos.

### B.   Medical and Mental Health Care

The plaintiffs also seek an order directing the defendants to provide "medical/mental health care now and in the future." *Motion*, p. 7.

The following kinds of preliminary injunctions are disfavored:  (1) those that disturb the status quo; (2) those that are mandatory as opposed to prohibitory; and (3) those that afford the movant substantially all the relief he may recover at the conclusion of a full trial on the merits. SCFC ILC, Inc. v. Visa USA, Inc., 936 F.2d 1096 1098-99 (10th Cir. 1991).  "[A]ny preliminary injunction fitting within one of the disfavored categories must be more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course."  O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft, 389 F.3d 973, 975 (10th Cir. 2004).  The plaintiffs seek both a mandatory injunction and an injunction that would disturb the status quo.[2]  Therefore, they "must make a strong showing both with regard to the likelihood of success on the merits and with regard to the balance of the harms."  Id. at 976.

---

[2]Mandatory injunctions "affirmatively require the nonmovant to act in a particular way." SCFC, 936 F.2d  at 1099.  Injunctions that disturb the status quo alter the parties existing relationship.  Id. at 1100.  "The status quo is not defined by the parties' existing *legal rights*; it is defined by the *reality* of the existing status and relationships between the parties, regardless of whether the existing status and relationships may ultimately be found to be in accord or not in accord with the parties' legal rights."  Id. (emphasis in original).

### 1.   Likelihood of Success on the Merits

Separately, I have recommended dismissal of the plaintiffs' claims that the defendants failed to provide medical and mental health care in violation of their Eighth Amendment rights. I found that the Complaint does not contain any specific allegations to show that any of the defendants were involved in the denial of medical or mental health care to the plaintiffs.  For the reasons stated in that Recommendation, the plaintiffs have failed to show a likelihood of success on the merits of their claims regarding medical and mental health care.  For this reason alone, the plaintiffs' request for injunctive relief should be denied as to medical and mental health care. Nova Health Systems v. Edmonson, 460 F.3d 1295, 1299 (10th Cir. 2006) (affirming district court's denial of preliminary injunction without reaching other three factors because plaintiff failed to show a substantial likelihood of success on the merits).

### 2.   Irreparable Harm

"Determining whether irreparable harm exists can be a difficult and close question." Dominion Video Satellite, Inc. v. Echostar Satellite Corp., 356 F.3d 1256, 1263 (10th Cir. 2004). "[T]he concept of irreparable harm does not readily lend itself to definition, nor is it an easy burden to fulfill.  In defining the contours of irreparable harm, case law indicates that the injury must be both certain and great, and that it must not be merely serious or substantial."  Id. (internal quotations and citations omitted).  Injunctive relief is issued "to prevent existing or presently threatened injuries."  Connecticut v. Massachusetts, 282 U.S. 660, 674 (1931).  Such relief "will not be granted against something merely feared as liable to occur at some indefinite time in the future."  Id.

As a preliminary matter, I am aware that a presumption of irreparable injury exists where constitutional rights are infringed. <u>Kikumura v. Hurley</u>, 242 F.3d 950, 963 (10th Cir. 2001). The plaintiffs, however, have failed to establish a likelihood of success on their claims regarding medical and mental health care. As a result, they are not entitled to a presumption of irreparable injury.

The plaintiffs make vague and conclusory statements that they need "reasonable medical and mental health care"; are "depressed from all of the unnatural events and chain of events and the causation of those evil events"; and claim that although they have "filed several requests and forms on various dates," they "have not received any treatment." *Memorandum of Law in Support of Plaintiffs Motion for Preliminary Injunction* . . . [Doc. #27], p. 4.

The defendants provide evidence to show that the plaintiffs have received x-rays and that they exhibit no medical repercussions from exposure to asbestos. *Revised Affidavit of Dr. Timothy Creany* [Doc. #53-1].

In response, plaintiffs Templeton, Cowden, Allen, and Powell submitted affidavits in which they allege mental and physical ailments that are not being addressed. Cowden, Allen, and Powell do not provide any specific facts to show that they will suffer irreparable harm if the injunction does not issue, nor do they provide any specific facts to implicate any of the named defendants. *Plaintiffs Response Motion for Preliminary Injunction, and Rebuttal to Defendants Response* [Doc. #60] (the "Reply"), Ex. 2-2, p. 7 of 7 (Cowden states "I feel that my health has declined. I have not been able to breath the same way scence [sic] this had happened. And I'm afraid [sic] to continue to follow up due to retaliation. I've tried to receive mental health help and I've request [sic] medical help more then [sic] enough to show problems with the same

results."); Ex. 2-5 (Allen states that he is "very concern[ed]" about his health); Ex. 2-6 (Powell

states that he is concerned about what may happen to him).[3]

     Plaintiff Templeton's affidavit contains all of the allegations of the Complaint plus

additional statements regarding medical and mental health care.[4]  Id. at Ex. 2-1.  I have combed

the 56 paragraphs of allegations for facts related to irreparable harm.

     In paragraph 26, Templeton states that on August 12, 2011, he sent a "formal request to

see Mental Health Drennon, Sylvia and Tammi Burns a.k.a. Jane Doe 1[5] in regard to Asbestos

related stress, nightmares, fear of developing cancer and/or asbestos related illnesses, and

anxiety/panic attacks."  Id. at ¶ 26.  He cites to Exhibits 21-4, 21-5, 21-6, and 21-7 in support of

this statement.  See also id. at ¶¶ 43, 46.  The plaintiffs also cite to Exhibits 21-1, 21-2, and 21-3

to show that "they" have "demanded" medical and mental health treatment.  *Reply*, p. 3.

     These exhibits show:

     1.  On August 12, 2011, Templeton sent a request to the Mental Health Department

stating that "I have been exposed to asbestos.  I am scared I might have been purposely

poisoned."  Id. at Ex. 21-7.

---

[3]I have separately recommended that plaintiff Powell's claims be dismissed for failure to exhaust administrative remedies.

[4]Templeton may not amend the allegations of the Complaint through his reply brief in support of his motion for injunctive relief.  By separate order, I have denied the plaintiffs' motion to amend the Complaint because they did not attach a copy of the proposed third amended complaint to the motion.  I instructed the plaintiffs that "[a]ny future motions to amend must include the entire proposed third amended complaint" and that "[t]he proposed third amended complaint must stand alone; it must contain all of the plaintiff's claims."

[5]The plaintiffs have not amended the Complaint to substitute Tammi Burns for Jane Doe 1.  Therefore, Ms. Burns is not a defendant.

2.   On August 12, 2011, Templeton sent a request to "Physician Assistant/Nurse Practitioner" and defendants "PA Gallegos, Dr. Creany" stating "Need to see you in regard to being exposed to asbestos . . . testing required."  <u>Id.</u> at Ex. 21-3.

3.   On September 11, 2011, Templeton sent a request to "Doctor of Toxicology/Respiratory expert" stating "shortness of breath, irritating cough, scratchy throat, eyes seem to stay bloodshot."  <u>Id.</u> at Ex. 21-2.

4.   On November 20, 2011, Templeton sent a request to defendant Drennon, Mental Health Department, stating "Nightmares about cancer.  Asbestos related fears, anxiety, panic attacks."  <u>Id.</u> at Ex. 21-4.

5.   On January 3, 2012, Templeton sent a request to Tami Burns, Mental Health Department, stating "General mental health check-up; P-code questions; questions concerns about my phobia."  <u>Id.</u> at Ex. 21-5.

6.   On February 21, 2012, Templeton sent a request to defendant Jan Sylvia, Mental Health Department, stating "I have sent at least ½ dozen request to M.H. to speak to someone about asbestos related fears/cancers."  <u>Id.</u> at Ex. 21-6.

7.   On March 12, 2012, Templeton sent a request to defendant Dr. Creany stating "FYI - I am still being exposed to Asbestos Containing Material (2) windows replaced w/ACM in the glazing (2) windows/week over the last 60 weeks."  <u>Id.</u> at Ex. 21-1.

In summary, Templeton states that he "suffers daily, headaches, migraines, phlegm in throat and lungs tiredness, wheezing, vertigo, loss of appetite and several other ailments in various mental health treatment.  Access refused by Defendants actions and/or inactions."  <u>Id.</u> at ¶ 50.  However, his evidence does not support this sweeping declaration.  Instead, it shows that

he sent several requests to the Mental Health Department regarding asbestos-related fears and one request to the Medical Department regarding actual physical symptoms.

Templeton's request to the Medical Department was made on September 11, 2011.  He asked to be seen by a "Toxicology/Respiratory expert" for "shortness of breath, irritating cough, scratchy throat, eyes seem to stay bloodshot."  Id. at Ex. 21-2.  He was examined for these complaints by defendant Gallegos on September 20, 2011, and it was determined that he was suffering from seasonal allergies and not from asbestos exposure.  *Revised Affidavit of Dr. Timothy Creany* [Doc. #53-1], ¶ 4a.  In addition, Templeton received a chest x-ray on July 15, 2011, which was normal.  Id.  Thus, he received the medical care he sought, and he has not shown that he will be irreparably harmed if he does not receive additional medical care.  In view of the results of Templeton's medical examination and tests, his asbestos-related fears are unsubstantiated and unreasonable.

Templeton has failed to show clearly and unequivocally that he will suffer irreparable harm if an injunction does not issue to address his medical and mental health needs.

### III.  CONCLUSION

The plaintiffs have failed to meet their burden to establish a substantial likelihood of success on the merits and irreparable injury unless the injunction issues.  I need not address the remaining requirements for injunctive relief.  Nova Health Systems, 460 F.3d at 1299.

I respectfully RECOMMEND that the Motion [Doc. # 25] be DENIED.[6]

Dated February 13, 2013.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

---

[6]Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).