IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 12-cv-01276-RBJ-BNB

JAMES TEMPLETON,
DAVID COWDEN,
ROBERT GALLOB,
FRANK POWELL,
DAVID ALLEN,
ROBERT C. ROWE,
SHANNON SMITH,

    Plaintiffs,

v.

PETER ANDERSON,
BRIAN BRADEN,
JEFF SMITH,
JAMES CHANEY,
DOCTOR TIMOTHY CREANY,
JAN SYLVIA,
STEVEN GALLEGOS,
LANCE JOHNSON,
CARL WOJCIECHOWSKI,
CHERI DRENNON,
STEPHEN ENGLE,
THOMAS MARTIN,
UNKNOWN JANE/JON DOES 1-10,

    Defendants.

ORDER

    This case is before the Court on plaintiffs' motions for a preliminary injunction and for certification of the case as a class action; defendants' motion to dismiss and for partial summary judgment; the recommendations of United States Magistrate Judge Boyd N. Boland regarding those three motions; and plaintiffs' objections to his recommendations.

**Facts**

Complaint.

James Templeton, an inmate at the Fremont Correctional Facility, representing himself *pro se,* filed this Section 1983 action against Peter Anderson and several other CDOC officials on May 15, 2012. His original complaint and amended complaint were both stricken by a magistrate judge because of their form and verbosity. On July 9, 2012 Mr. Templeton submitted another amended complaint, this time signed by six other inmates as well. [docket #19]. The essence of the complaint is that plaintiffs were exposed to asbestos when they were replacing windows and removing floor tile; that appropriate decontamination procedures and medical evaluation were not provided; and, therefore, that they fear that they might develop an asbestos-related illness.

Plaintiffs assert six claims for relief under the Eighth and Fourteenth Amendments. They seek equitable relief and compensatory and punitive damages.

Motions.

On July 24, 2012 plaintiffs filed a motion for a preliminary injunction, seeing to enjoin defendants from exposing them further to asbestos containing material. [#25] On October 1, 2012 defendants filed a combined motion to dismiss and for partial summary judgment. [#42]. On October 19, 2012 plaintiffs filed a motion to certify the case as a class action [#48].

Recommendations.

On February 12 and 13, 2013 Magistrate Judge Boland issued recommendations that plaintiffs' motions be denied, and that defendant's motion be granted. [##77, 78, 79].

**Objection**

On March 4, 2013 plaintiffs filed a combined objection to a list of 15 rulings that had been issued by the magistrate judge during the course of the case. [#85]. The last three of those rulings were the magistrate judge's recommendations on the three motions listed above. The certificate of service of plaintiffs' objection is dated February 26, 2013. The Court deems the objection to have been timely filed in respect to the three recommendations. However, plaintiffs did not file a timely objection to any of the earlier magistrate judge orders. Accordingly, the Court addresses only the recommendations to which plaintiffs timely objected. Defendants filed no objection to the magistrate judge's orders.

**Standard of Review**

The Court will set aside any part of a magistrate judge's order on a non-dispositive motion to which the plaintiffs have timely objected if it is clearly erroneous or contrary to law. The Court must determine de novo any part of a magistrate judge's order on a dispositive motion to which plaintiffs have objected. Fed. R. Civ. P. 72.

**Conclusions**

A. **Plaintiffs' Motion to Certify the Case as a Class Action [#25].**

Plaintiffs seek to certify a class of "all present and future inmates as well as employees and/or volunteers who are similarly situated to the Plaintiffs." The magistrate judge recommended that this motion be denied. [#77].

The proposed definition of the class begs the question of whether there are others who are similarly situated. More basically, however, plaintiffs have not begun to show that they can meet the requirements of Rule 23 of the Federal Rules of Civil Procedure. To do so they first must

establish all four prerequisites listed in Rule 23(a), i.e., that (1) a class is so numerous that joinder is impractical, (2) there is at least one question of fact or law that is common to the class, (3) their claims are typical of the claims of the class, and (4) they will fairly and adequately represent the interests of the class. If they satisfy the prerequisites, they must then show that at least one of the three requirements of Rule 23(b) can also be met.

The plaintiffs cannot be adequate representatives of a class. They are not lawyers and have no right to represent anyone in litigation other than themselves. The Court treats this as a non-dispositive motion, but it does not matter what standard of review is applied. The magistrate judge's recommendation is obviously correct.

B. **Plaintiffs' Motion for a Preliminary Injunction [#48].**

The Court treats this as a dispositive motion and therefore has conducted a de novo review of the magistrate judge's order. *See Marsh v. Persons,* No. 09CV487, 2010 WL 965516, at *1 (D. Colo. Mar. 15, 2010). Plaintiffs ask the Court preliminarily to enjoin the defendants from continuing to expose them to asbestos. The Court has reviewed the motion [#25], plaintiffs' brief [#27], response [#52], reply [#60], recommendation [#79], and objection [#85].

As the magistrate judge correctly recognized, to obtain a preliminary injunction plaintiffs must show (1) a likelihood of success on the merits, (2) a likelihood that they will suffer irreparable harm if the injunction is not granted, (3) that the balance of equities tips in the plaintiffs' favor, and (4) that the injunction is in the public interest. *RoDa Drilling v. Siegal,* 522 F.3d 1203, 1208 (10th Cir. 2009).

Defendants have presented evidence that none of the plaintiffs is still working on any project that would potentially expose him to asbestos. Affidavit of Peter Anderson [#52-1](as to

all plaintiffs except Mr. Allen); Affidavit of Thomas Martin [#52-2](as to plaintiff Allen). In their reply [#60] plaintiffs provide no evidence to the contrary.

Plaintiffs' reply reiterates the facts of their previous exposure. They state that inmates are still being used in projects that might expose them to asbestos, such as projects involving windows at the FCF, and that safety gear still is not being issued to them. However, unless these plaintiffs are still being exposed to asbestos, they cannot establish that they need or are entitled to enjoin defendants from further exposing them to asbestos. As indicated above, plaintiffs cannot represent other inmates.

The magistrate judge interpreted plaintiffs' motion very liberally to be seeking a mandatory injunction compelling defendants to provide adequate medical and mental health care. I disagree. The motion [#25] seeks only to enjoin defendants from exposing plaintiffs to asbestos-containing material. This Court restricts its review of the motion to what it expressly seeks to enjoin. Plaintiffs brief in support of the motion [#27] does ask the Court to order "medical/mental health care now and in the future." *Id.* at 7. That goes beyond the scope of motion #25 and is better addressed in reference to the defendants' motion to dismiss.

The Court concludes that the magistrate judge's recommendation that motion #25 should be denied is based on a correct application of the facts and the law to the motion, and that the motion must be denied.

C. **Defendants' Motion to Dismiss or For Partial Summary Judgment [#42].**

I have reviewed this motion and plaintiffs' response, which oddly is found at page 19 of an exhibit [#60-2] to plaintiffs' reply in support of their motion for a preliminary injunction. Magistrate Judge Boland recommended that this motion be granted. [#78]. Oddly, again, although plaintiffs listed the magistrate judge's recommendation to grant this motion as item

number 15 on their list of objections, they went on to discuss their objections to items one through 14 only. Thus, although the Court will review the recommendation de novo, it does so notwithstanding that plaintiffs have provided no help.

Defendants ask the Court to dismiss certain parts of plaintiffs' amended complaint under Rules 12(b)(1) and 12(b)(6), and to grant partial summary judgment under Rule 56 as to other parts of the amended complaint. Specifically, defendants argue that:

> (1) the Court should grant summary judgment (Rule 56) dismissing all claims of plaintiffs Rowe, Smith and Powell for failure to exhaust administrative remedies available to them through the CDOC's three-step grievance process,
>
> (2) the Court should dismiss plaintiffs' claims for money damages against all defendants to the extent they were sued in their official capacities for lack of subject matter jurisdiction (Rule 12(b)(1)), because the Eleventh Amendment bars such claims;
>
> (3) the Court should dismiss plaintiffs' Eighth Amendment claims for asbestos exposure against defendants Creany, Sylvia, Gallegos, Drennon, Johnson, Wojciechowski and Braden for failure to state a claim on which relief could be granted (Rule 12(b)(6)), because they alleged no facts that rendered plausible these defendants' involvement in or knowledge of plaintiffs' asbestos exposure;
>
> (4) the Court should dismiss plaintiffs' Eighth Amendment claim for inadequate medical or mental health care for failure to state a claim on which relief could be granted (Rule 12(b)(6)) against all defendants;
>
> (5) the Court should dismiss plaintiffs' due process claim based upon allegedly inadequate medical or mental health care for failure to state a claim on which relief could be granted (Rule 12(b)(6)) because it is co-extensive with their Eighth Amendment claim;
>
> (6) the Court should dismiss plaintiffs' claims for compensatory damages for mental and emotional injuries for failure to state a claim on which relief could be granted (Rule 12(b)(6)), because they have not shown that they sustained a physical injury as required by the Prison Litigation Reform Act; and
>
> (7) the Court should grant defendants Creany, Sylvia, Gallegos, Drennon, Johnson, Wojciechowski and Braden qualified immunity with respect to the damages claims arising from exposure to asbestos and should grant qualified immunity to all defendants with respect to the damages claims arising from allegedly inadequate medical and mental health care.

A.  **Failure to Exhaust Administrative Remedies**.

The Prison Litigation Reform Act provides that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (2000 ed.)  Compliance with the particular prison's grievance process is all that is required. *Jones v. Bock*, 549 U.S. 199, 218 (2007).

The CDOC has a three-step grievance procedure by which inmates can challenge conditions of their incarceration. Affidavit of Tony DeCesaro, Step 3 Grievance Officer, CDOC. [#42-1] at ¶¶3-8. Defendants have come forward with evidence that three plaintiffs did not comply with that procedure. Plaintiffs Rowe and Smith did not file a Step 3 grievance concerning exposure to asbestos. *Id.* ¶10. Plaintiff Powell filed Step 1, 2 and 3 grievances. However, his Step 2 and 3 grievances were untimely and were denied for that reason. *Id.* at ¶¶11-15. Therefore, he did not complete the grievance process. *Id.* at ¶16.

Plaintiffs provide no evidence to the contrary. Instead, they argue that the other plaintiffs will adequately represent their interests. Response [#60-2] at 4-5. The other plaintiffs cannot represent their interests. There is no genuine issue of material fact in dispute. The Court agrees with the magistrate judge that summary judgment dismissing the claims of these three plaintiffs with prejudice is appropriate.

B.  **Subject Matter Jurisdiction: the Eleventh Amendment**.

Defendants argue that plaintiffs cannot sue the state and therefore cannot sue state officers in their official capacity for money damages under Section 1983. *Duncan v Gunter,* 15 F.3d 989, 991 (10th Cir. 1994). Plaintiffs provide nothing to the contrary. *See* Response [#60-2]

at 23.  Judge Boland's analysis, in which he cites additional relevant case law, is correct.  The official capacity claims are dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction.

### C. **Failure to State a Claim on Which Relief Can be Granted**.

The remainder of defendants' motion attempts to determine what claims plaintiffs are asserting and then to challenge certain of the claims under Rule 12(b)(6).  Defendants begin with a valiant effort to pinpoint the focus of plaintiffs' six claims.  They suggest that plaintiffs' First and Second Claims assert Eighth Amendment claims based upon involuntary exposure to asbestos; that plaintiffs' Third Claim asserts a Fourteenth Amendment due process claim also based on asbestos exposure; and that plaintiff's Fourth, Fifth and Sixth Claims assert Eighth Amendment Claims based on failure to provide adequate medical and mental health treatment.  Motion [#42] at 2.

Quite frankly, I would have stricken this pleading for failure to provide a short and plain statement of the claims as required by Rule 8(a)(2).  Defendants did not request that, and the magistrate judge, having already stricken plaintiffs' first and second iterations of their complaint, might have given up and decided that it would be easier just to deal with it.

In substance, plaintiffs are complaining about two distinct, but related, alleged wrongs.  First, they allege that they were exposed to friable asbestos while participating in a tile and mastic removal project in June and July 2011 and while changing out windows over a period beginning in February 2011 and continuing thereafter.  They claim that the correction officers who required them to participate in these work assignments without safety equipment after becoming aware of the presence of asbestos fibers acted with deliberate indifference.  Second, they claim that other CDOC personnel failed to provide them with adequate medical diagnosis

and treatment for the exposure, including mental health treatment for their fears and anxieties resulting from their exposure.

With that in mind, and without being trapped into trying to interpret plaintiffs' six claims as such, the Court addresses the remainder of defendants' motion.

1. Exposure Claim.

First defendants ask the Court to dismiss plaintiffs' Eighth Amendment claim insofar as it accuses seven of the 12 defendants of exposing them to asbestos. Defendants argue that plaintiffs have not alleged that defendants Creany (a medical doctor), Sylvia (Behavioral Sciences Supervisor), Gallegos (a Physician's Assistant), Drennon (Behavioral Sciences Coordinator), Johnson (a Captain at the FCF), Wojciechowski (a Case Manager) and Braden (Asbestos Coordinator for the CDOC) were involved in exposing them.

I have examined the specific factual allegations about the asbestos exposure and find no allegation that plausibly links these seven defendants to it. Conclusory allegations that assert that all defendants knew about the presence of asbestos but failed to provide adequate safety gear are insufficient to state a claim. *See, e.g., Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555-57 (2007). *See also Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)(claim must be plausible on its face).

Plaintiffs respond that, while these defendants were not involved in the maintenance projects, they knew about the exposure because of plaintiff Templeton's kites seeking medical appointments and treatment. That misses the point. There is no allegation that these defendants were in any way responsible for causing plaintiffs to be exposed to asbestos. Therefore, to the extent that the exposure claims are asserted against these seven defendants, they are dismissed for failure to state a claim on which relief could be granted.

2. <u>Medical Care Claim</u>.

For the same reason, to any extent that plaintiffs might be trying to assert claims against defendants Anderson, Smith, Chaney, Engle and Martin based upon inadequate medical or mental health care, the claims are dismissed for failure to state a claim on which relief could be granted. Plaintiffs have not plausibly alleged that they were involved in the medical or mental health side of it.

Prisons must provide adequate medical care to inmates, who are unable to provide such care for themselves. Deliberate indifference to the serious medical needs of prisoners is proscribed by the Eighth Amendment. *Estelle v. Gamble,* 429 U.S. 97, 103-104 (1976). *See also Farmer v. Brennan,* 511 U.S. 825, 832 (1994).

Plaintiffs allege that they have requested medical and mental health treatment for the physical and emotional consequences of their exposure to asbestos. *E.g.,* Prisoner Amended Complaint [#19] at Claim Two, ¶9; Claim Five, ¶9. They allege that defendants have denied them access to necessary medical testing, diagnosis, prognosis and/or treatment and have done so with deliberate indifference to their needs. *Id.* Claim Three, ¶¶1, 2, 4, 5. They similarly allege that defendants have been deliberately indifferent to their mental health needs. *Id.,* Claim Five, ¶¶2, 3, 5. 8. These allegations of failure to provide necessary care and deliberate indifference are conclusory and do not, by themselves, state a plausible claim. *Bell,* 550 U.S. at 555-57; *Iqbal,* 556 U.S. at 678.

In terms of specifics, plaintiffs allege that on August 12, 2011 plaintiffs Templeton, Cowden, Gallob, Powell, Allen, Rowe and Smith sent a formal request to see medical and mental health personnel. Prisoner Complaint [#19] at 16, ¶28. On September 20, 2011 Physicians Assistant Gallegos issued a medical note indicating that plaintiff Templeton had been exposed to

asbestos. *Id.* ¶31. On November 20, 2011 defendants Templeton, Cowden, Gallob, Powell, Allen, Rowe and Smith sent a "third request" to medical and mental health behavioral sciences, which request was not answered. *Id.* ¶34. On November 29, 2011 these same plaintiffs sent a "4th request" to speak to medical and mental health in regard to fear related to asbestos cancer issues but received no response. *Id.* ¶36.

In the context of their claims for relief plaintiffs allege that defendants have failed to perform any diagnostic tests. *Id.* Claim Six, ¶4. They allege that they "suffer daily from physical symptoms as the result of being exposed to whirlwind levels of ACM dust, fibers and debris. Tightness in chest, coughing up phlegm, shortness of breath, severe headaches and occasional blurred vision." *Id.* ¶13. They allege that defendants have failed to provide any diagnosis or treatment for these conditions. *Id.* ¶14. They allege that they are experiencing high anxiety, sleeplessness, nightmares, dare mares, emotional stress, depression and sadness because of their exposure. *Id.*

Defendants argue that even these allegations are too conclusory to pass muster, and in any event, that they are not directed at specific defendants. Motion [#42] at 12. I do not agree. One must bear in mind that plaintiffs are inmates attempting to plead their case *pro se.* Their complaint is inartful, as I have noted. However, they have alleged that defendants were aware of their exposure to asbestos. They allege specific dates on which they asked to be seen by medical and mental health professionals in respect to the asbestos exposure. They alleged that no responses were provided, no diagnostic testing was done, and no mental health treatment was provided. To the extent that these allegations are addressed to what defendants call "the Medical Professional Defendants" (Creany, Sylvia, Gallegos and Drennon) they are directed as specifically to specific defendants as the Court would expect in an inmate pleading. If plaintiffs'

11

requests for medical appointments, tests, diagnoses, etc. were ignored, as they allege, I would not necessarily expect them to be able to pinpoint at the initial pleading stage which of the "Medical Professional Defendants" was responsible.

I am not, of course, suggesting that the allegations about the Medical Professional Defendants are accurate. In fact, exhibit A-3 to defendants' response to plaintiffs' motion for a preliminary injunction, the Affidavit of Dr. Timothy Creany [#52-3], provides a rather different picture of the facts than plaintiffs' amended complaint. However, for purposes of a Rule 12(b)(6) motion, the Court assumes the truth of plaintiffs' well-pleaded allegations of fact.

Accordingly, to the extent that the magistrate judge recommended that the Court dismiss plaintiffs' Eighth Amendment claims against defendants Creany, Sylvia, Gallegos and Drennon for failure to state a claim for deliberate indifference to plaintiffs' serious medical needs upon which relief could be granted, I respectfully disagree.

3. Due Process Claim.

Inmates' complaints about dangerous conditions of their confinement and about the failure to provide adequate medical care are usually considered under the Eighth Amendment, which was made applicable to the states via the Fourteenth Amendment. *See Whitley v. Albers,* 475 U.S. 312, 327 (1986). Pretrial detainees generally enjoy the same rights but under the due process clause of the Fourteenth Amendment. *See, e.g., Myers v. Oklahoma County Bd. of County Commissioners,* 151 F.3d 1313, 1320 (10th Cir. 1998).

Defendants argue that plaintiffs' due process claim is coextensive with their Eighth Amendment claim and, therefore, that it fails to state a claim on which relief could be granted. I agree that plaintiffs' rights under both clauses are coextensive. Further, "actions which are protected under specific constitutional provisions should be analyzed under those provisions and

not under the more generalized provisions of 'substantive due process.'" *Berry v. City of Muskogee, Oklahoma,* 900 F.2d 1489, 1493 (10th Cir. 1990). That does not necessarily mean that the due process claim fails to state a claim on which relief could be granted. It does mean, at a minimum, that the Court would not address the due process claim separately from the Eighth Amendment claim. *See Cox v. Pastilletti,* No. 11CV2554, 2012 WL 934293, at *3 (D. Colo. Mar. 20, 2012).

In the circumstances, the due process claim is redundant and unnecessary. Therefore, the Court accepts the magistrate judge's recommendation to dismiss it.

    4. <u>Mental or Emotional Injury</u>.

The Prison Litigation Reform Act provides that an inmate cannot bring a civil action for "for mental or emotional injury suffered while in custody without a prior showing of a physical injury." 42 U.S.C. § 1997e(e). Defendants argue that because plaintiffs have not shown that they sustained a physical injury, they cannot pursue damages based upon mental or emotional injury.

Plaintiffs have alleged that they sustained physical injuries, namely, "[t]ightness in chest, coughing up phlegm, shortness of breath, severe headaches and occasional blurred vision." Prisoner Complaint [#19], Claim Six, ¶13. Whether those conditions can be linked to the asbestos exposure is unknown, at best. However, they have alleged that they have been denied diagnostic examination and testing that might reveal whether the asbestos exposure has caused a physical injury. The Prison Litigation Reform Act does not compel the dismissal of plaintiffs' mental and emotional damages claims at the initial pleading stage because the plaintiffs have not yet been able to develop any evidence that the asbestos exposure caused a physical injury. The

Act serves as a limitation on the relief they can obtain, not a restriction on their access to the courts. *Perkins v. Kansas Dept. of Corrections,* 165 F.3d 803, 807 (10th Cir. 1999).

Defendants cite *Hughes v. Colorado Dept. of Corrections,* 594 F. Supp. 2d 1226 (D. Colo. 2009). However, in that case, the plaintiff did not allege any physical injury apart from the consequences of his claim of emotional injuries. The court held that a claim that depression and anxiety had resulted in physical manifestations such as dizziness, chest pain, nausea, increased heart rate, headaches and other similar symptoms were insufficient under section 1997e(e), because the statute requires a physical injury that is separate from the mental and emotional injuries. *Id.* at 1238-39. I agree with Judge Brimmer's analysis, but that is not this case. In the circumstances, I find that dismissal of claims for damages based upon mental and emotional damages is premature, and therefore, I disagree with Magistrate Judge Boland's recommendation on this issue.

D. **Qualified Immunity.**

As defendants note, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). As the Tenth Circuit has recently reminded this Court, to avoid qualified immunity protection plaintiff must establish "'both that a constitutional violation occurred, and that the constitutional right was clearly established at the time of the alleged violation.'" *Lynch v. Barrett,* 703 F.3d 1153, 1158 (10th Cir. 2013)(internal citation omitted). "Ordinarily, in order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other

courts must have found the law to be as the plaintiff maintains." *Zia Trust Co. ex rel. Causey v. Montoya,* 597 F.3d 1150, 1155 (10th Cir. 2010).

Defendants did not address the "clearly established law" prong of the qualified immunity test, nor did the magistrate judge; and therefore, neither will this Court. Rather, defendants focus on the first prong. They argue that because plaintiffs did not establish an Eighth Amendment violation by defendants Creany, Sylvia, Gallegos, Drennon, Johnson, Wojciechowski and Braden with respect to plaintiffs' exposure to asbestos, they are entitled to qualified immunity. In addition, defendants argue that because plaintiffs did not establish an Eighth Amendment violation by any defendant regarding their right to adequate medical and mental health care, all defendants are entitled to qualified immunity as to that claim.

This Court has held *supra* that plaintiffs failed to state an Eighth Amendment claim against defendants Creany, Sylvia, Gallegos, Drennon, Johnson, Wojciechowski and Braden for exposure of the plaintiffs to asbestos. The Court has also held that plaintiffs did not state an Eighth Amendment claim against the defendants other than the Medical Professional Defendants with respect to the alleged failure to provide adequate medical and mental health care. To this extent, these defendants might be entitled to qualified immunity, but they do not need it. Those claims are being dismissed.

With respect to the claims against the Medical Professional Defendants for failure to provide adequate medical and mental health care, it is undisputed that the Eighth Amendment requires that inmates receive adequate treatment for their serious medical needs. Plaintiffs have alleged that they sustained physical and emotional injuries as a result of their exposure to asbestos, but that the Medical Professional Defendants have failed and refused, with deliberate indifference, to conduct diagnostic testing or to provide mental health evaluation and treatment.

Courts generally do not grant qualified immunity if disputed facts are material to its application. *See Olsen v. Layton Hills Mall,* 312 F.3d 1304, 1313 (10th Cir. 2002). *See also Maestas v. Lujan,* 351 F.3d 1001, 1010 (10th Cir. 2003)(because disputed issues of material fact were dispositive of the qualified immunity issue, the district court properly presented the reasonableness element of the qualified immunity analysis to the jury). *But see Thomson v. Salt Lake County,* 584 F.3d 1304, 1327 n. 2 (explaining the holding in *Olsen*).

In the circumstances, this Court concludes that the "defense" based upon the qualified immunity doctrine is premature at this time. It does not turn on a dispute concerning an abstract issue of law but instead on disputed factual issues. *Cf. Harris v. Morales,* 231 F. App'x 773, 776 (10th Cir. 2007). When the factual record is further developed, it might be appropriate to revisit the qualified immunity doctrine. *See Maestas,* 351 F.3d at 1010 (qualified immunity issues usually present legal questions resolvable on summary judgment).

**Order**

1. Motion #25 is DENIED.
2. Motion #42 is GRANTED IN PART AND DENIED IN PART.
3. Motion #48 is DENIED.
4. Recommendation #77 is APPROVED AND ACCEPTED.
5. Recommendation #78 is APPROVED AND ACCEPTED IN PART.
6. Recommendation #79 is APPROVED AND ACCEPTED.

DATED this 25th day of March, 2013.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge