IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-01276-RBJ-BNB

JAMES TEMPLETON,
DAVID ALLEN,
DAVID COWDEN,
ROBERT GALLOB, and

Plaintiffs,

v.

PETER ANDERSON,
JEFF SMITH,
JAMES CHANEY,
TIMOTHY CREANY,
JAN SYLVIA,
STEVEN GALLEGOS,
CHERI DRENNON,
STEPHEN ENGLE, and
THOMAS MARTIN,

Defendants.
_____

**ORDER**
_____

This matter arises on the following:

(1) **Plaintiffs Motion to Clarify Magistrate's Order and Amend the Scheduling Order** [Doc. #149, filed 12/10/2013] (the "Motion to Clarify"); and

(2) **Motion to Show Cause Why Clerk of Court Failed Judges Order** [Doc. #152, filed 12/26/2013] (the "Motion to Show Cause").

The Motion to Clarify is DENIED. The Motion to Show Cause is STRICKEN.

**Motion to Clarify**

The Motion to Clarify is signed only by plaintiff Allen. However, document #144 (filed 11/27/2013) is a copy of the Motion to Clarify signed by plaintiffs Templeton and Cowden, and document #146 (filed 12/02/2013) is a copy of the signature page signed by plaintiff Gallob. Because all of the plaintiffs have signed the Motion to Clarify, I will address it.

I held a Scheduling Conference on April 18, 2013. All of the plaintiffs appeared by telephone [Doc. #93]. At the conference, I stated that discovery is limited to 25 interrogatories per *side*; 25 requests for production of documents per *side*; and 25 requests for admissions per *side*. In addition, I entered a Scheduling Order [Doc. #94] which states that discovery is limited to 25 interrogatories per *side*; 25 requests for production of documents per *side*; and 25 requests for admissions per *side*. The plaintiffs state that they "believe" the Scheduling Order permits 25 interrogatories per *defendant*; 25 requests for production of documents per *defendant*; and 25 requests for admissions per *defendant*. They seek clarification of the Scheduling Order. However, it is clear from the plain language of the Scheduling Order and my statements at the Scheduling Conference that the discovery is limited per side, not per defendant.

In the alternative, the plaintiffs request that they be permitted to amend the Scheduling order to 15 interrogatories per defendant; 15 requests for production of documents per defendant; and 15 requests for admissions per defendant. The plaintiffs' motions for clarification were filed shortly before the discovery cut-off date, which was December 17, 2013 [Doc. #129].

Pursuant to Rule 16(b)(4), Fed. R. Civ. P., a scheduling order may be modified only upon a showing of good cause. The Advisory Committee Notes to Rule 16 explain that "the court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension." Advis. Comm. Notes for 1983 Amend. The good

cause standard has been further defined in Dilmar Oil Co. v. Federated Mutual Ins. Co., 986 F. Supp. 959, 980 (D.S.C. 1997), aff'd, 129 F.3d 116 (4th Cir. 1997):

> Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party.  Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment.  Properly construed, "good cause" means that scheduling deadlines cannot be met despite a party's diligent efforts. . . .  Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.

(Internal citations omitted.)

The plaintiffs do not provide any factual basis to support a showing of good cause.  Their request to modify the Scheduling Order is denied.

### Motion to Show Cause

The Motion to Show Cause is signed only by plaintiffs Templeton and Cowden.  On February 12, 2013, I struck several papers [Doc. #76] that were not signed by all of the plaintiffs and I ordered that "[a]ll future papers filed by the plaintiffs shall be signed by all plaintiffs."  I warned the plaintiffs that failure to comply with my order could result in sanctions, including dismissal of this case.  Plaintiffs Templeton and Cowden filed the Motion to Show Cause despite my order.

IT IS ORDERED:

(1)   Plaintiffs Motion to Clarify Magistrate's Order and Amend the Scheduling Order [Doc. #149] is DENIED;

(2)   The Motion to Show Cause Why Clerk of Court Failed Judges Order [Doc. #152] is STRICKEN;

(3)   All future papers filed by the plaintiffs shall be signed by all plaintiffs; and

(4)  Failure to comply with this order may result in sanctions, including dismissal of this case.

Dated April 2, 2014.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge