IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 12-cv-01276-RBJ-BNB

JAMES TEMPLETON,
DAVID COWDEN,
ROBERT GALLOB,
FRANK POWELL,
DAVID ALLEN,
ROBERT C. ROWE,
SHANNON SMITH,

    Plaintiffs,

v.

PETER ANDERSON,
BRIAN BRADEN,
JEFF SMITH,
JAMES CHANEY,
DOCTOR TIMOTHY CREANY,
JAN SYLVIA,
STEVEN GALLEGOS,
LANCE JOHNSON,
CARL WOJCIECHOWSKI,
CHERI DRENNON,
STEPHEN ENGLE,
THOMAS MARTIN,
UNKNOWN JANE/JON DOES 1-10,

    Defendants.

## ORDER

The Court set forth the facts in some detail in its order issued March 25, 2013 [ECF No. 87] and incorporates that discussion by reference. This order addresses all pending motions except defendants' motion for summary judgment [ECF No. 161]. The Court will address that motion separately.

1

**ECF No. 137: DENIED**.  Two plaintiffs (Templeton and Cowden) filed what in substance is an objection to Magistrate Judge Boland's order [ECF No. 129] granting defendants' motion for certain adjustments to the scheduling order.  A magistrate judge's order on a nondispositive motion may be set aside to the extent it is clearly erroneous or contrary to law.  Fed. R. Civ. P. 72(a).  Having reviewed defendant's motion, plaintiffs' response, the magistrate judge's order, and plaintiffs' objection, I find no clear error of fact and conclude that there was no error of law.  This motion is denied.

**ECF No. 158: DENIED AS MOOT.**  This 20-page motion essentially asks for clarification on the status of various motions.  It is denied as moot.  This order is addressing all but one pending motion.

**ECF No. 167: DENIED.**  This document is entitled "Plaintiffs Cross Motion for Summary Judgment and Opposition to Defendants' Summary Judgment Motion."  To the extent it is a response by two plaintiffs (Templeton and Cowden) to defendants' motion for summary judgment [ECF No. 161] it is timely (per an extension granted on March 12, 2014 [ECF No. 165]) and will be considered by the Court.  However, to the extent it purports to be a cross-motion for summary judgment it is denied because (1) it is untimely, having been filed well after the extended deadline for dispositive motions, and (2) it is contrary to Local Rule 7.1C, prohibiting the filing of a motion in a response to the original motion.

**ECF No. 171**: **DENIED.**  This is a motion in limine to "bar" the October 23, 2012 affidavit of Dr. Timothy Creany, a physician employed by the Colorado Department of Corrections, on grounds that it violates plaintiffs' HIPPA rights.  An unsigned version of the affidavit filed on October 23, 2012 as an exhibit to defendants' response to plaintiffs' motion for a preliminary injunction motion [ECF No. 52-3].  A signed version was filed on October 25,

2012 [ECF No. 53-1]. The same affidavit was once again filed by the defendants, this time on February 17, 2014 as an exhibit to their motion for summary judgment [ECF No. 161-8]. Setting aside the fact that the affidavit has been sitting in the court file for approximately 18 months without an objection, the fact is that plaintiffs have put their physical condition in issue in this case, specifically, the consequences of their exposure to asbestos. The affidavit addresses that issue. Moreover, Dr. Creany is a named defendant, and the affidavit is submitted in support of his and the other defendants' motion for summary judgment. There is no basis to "bar" the affidavit. However, the Court orders that public access to the affidavit be restricted.

**ECF No. 173: DENIED.** This motion, signed only by plaintiff Gallob, purports to be a motion for an order to the Clerk of Court to show cause as to why counsel has not been appointed to represent him as was ordered by Magistrate Judge Boland on August 16, 2013 [ECF No. 117]. No federal funds are available for the provision of legal counsel to inmates in civil cases. The court has created a civil pro bono program in which it encourages lawyers to volunteer their time in the representation of pro se litigants. However, the court cannot order any lawyer to participate or to take a given case. I have again checked with the Clerk's Office today. I am informed that the Clerk's Office has tried diligently to obtain a volunteer counsel for this case, but that none of the lawyers who have signed up for the program has expressed a willingness to take this case. This might be due to the unfocused nature and scope of this case as filed and maintained by the plaintiffs. In any event, the short answer is that the court has been unable to find a volunteer lawyer to represent the plaintiffs.

**Order**

1. Motion #137 is DENIED.
2. Motion #158 is DENIED as MOOT.
3. Motion #167 is DENIED.

4. Motion #171 is DENIED, but the Court orders that public access henceforth be restricted as to pleadings ## 52-3, 53-8 and 161-8.
5. Motion #173 is DENIED.

DATED this 12th day of May, 2014.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge